UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS TOBY,                    :        CIVIL NO: 3:13-CV-02882
            Petitioner         :
                               :
                               :        (Judge Caputo)
        v.                     :
                               :        (Magistrate Judge Schwab)
MARIROSA LAMAS,                :
            Respondent         :

## REPORT AND RECOMMENDATION

### I.   Introduction.

In this habeas corpus case, the petitioner, Dennis Toby, is challenging his 2004 conviction and sentence from the Court of Common Pleas of York County, Pennsylvania.   Because Toby's petition for a writ of habeas corpus is barred by the statute of limitations, we recommend that it be denied.

### II.   Factual Background and Procedural History.

When he was sixteen years old, Toby shot and killed a man during a robbery. *Commonwealth v. Toby,* No. 2034 MDA 2004, slip op. at 1-2 (Pa.Super.Ct. Sept. 8, 2006).   In 2004, he was sentenced to 27 ½ to 55 years imprisonment for third degree murder, robbery, burglary, and receiving stolen property. *Doc. 16-5* at 9-11 (Sentencing Transcript at 37-39).   Toby filed an appeal, but, finding that he had waived the issues presented by failing to timely file a statement of matters

complained of on appeal pursuant to Pa.R.A.P. 1925(b), the Superior Court of Pennsylvania affirmed the judgment against Toby. *Commonwealth v. Toby,* No. 2034 MDA 2004, slip op. at 6 (Pa.Super.Ct. Sept. 8, 2006).   On March 20, 2007, the Pennsylvania Supreme Court denied Toby's petition for allowance of appeal. *Commonwealth v. Toby,* 591 Pa. 713 (Mar. 20, 2007)(table).

Arguing that this counsel was ineffective by failing to file a statement of matters complained of on appeal in a timely manner, Toby filed a Post-Conviction Relief Act (PCRA) petition seeking reinstatement of his direct appeal rights. *Doc. 16-5* at 97-105.   The PCRA court granted that petition and granted Toby leave to file a Notice of Appeal *nunc pro tunc*. *Doc.16-5* at 111.   Toby then pursued his reinstated direct appeal, but the Superior Court again affirmed his judgment of conviction. *See Commonwealth v. Toby,* No. 1245 MDA 2007, 959 A.2d 975 (Pa. Super. Ct. 2008)(table).   The Pennsylvania Supreme Court later vacated the Superior Court's decision to the extent that the Superior Court found that Toby waived his challenge to the trial court's refusal to instruct the jury on involuntary manslaughter and the defense of duress, and it remanded the case to the Superior Court. *Commonwealth v. Toby,* 963 A.2d 902 (Pa. 2008).   On remand, the Superior Court again affirmed the judgment of conviction. *Commonwealth v. Toby,* 974 A.2d 1193 (Pa. Super. Ct. 2009).   On October 15, 2009, the Pennsylvania Supreme Court

2

denied Toby's petition for allowance of appeal. *Commonwealth v. Toby,* 982 A.2d 65 (Pa. 2009)(table).

On August 2, 2010, Toby then filed another PCRA petition contending that his counsel was ineffective by failing to preserve his claims regarding the jury instructions on manslaughter and duress. *See doc. 16-6* at 103-111.   On December 13, 2010, at a hearing where he was represented by counsel, Toby withdrew that motion. *See Doc.16-6* at 113-118.

In January of 2011, Toby filed a petition for a writ of habeas corpus in this court challenging his conviction. *See Toby v. Mazerkiwicz,* 3:11-CV-00075 (M.D. Pa.).   Toby raised the following four claims in that petition: (1) the trial court erred in refusing to instruct the jury on involuntary manslaughter; (2) the trial court abused its discretion in sentencing him to a term of imprisonment of 27 ½ to 55 years; (3) the trial court abused its discretion in refusing to transfer the case to the juvenile court; and (4) the trial court erred in refusing to instruct the jury on the defense of duress. *Id.* at *Doc. 1.*   Reasoning that federal habeas corpus relief is available only for violations of federal law and concluding that Toby's petition did not present any claims of violation of federal law, on July 5, 2011, Judge Caputo dismissed that petition. *Id.* at *Doc. 10* at 3.

Toby then returned to state court and, on September 8, 2011, he filed another PCRA petition claiming that the trial court erred in connection with its jury instructions regarding malice and accomplice liability and that his counsel was ineffective for failing to object at trial to those instructions and by failing to raise the issue on appeal and in connection with his prior PCRA petition. *Doc. 16-6* at 147-164.   The PCRA court denied that petition without a hearing on the basis that Toby had waived the issues raised in the petition. *See Doc. 16-6* at 165.   The Pennsylvania Superior Court affirmed the dismissal of that PCRA petition, but on a different basis: It determined that the petition was untimely. *Commonwealth v. Toby,* No. 1851 MDA 2011, slip op. at 5 (Pa. Super. Ct. June 29, 2012)(table).   On November 20, 2012, the Pennsylvania Supreme Court denied Toby's petition for allowance of appeal. *Commonwealth v. Toby,* 57 A.3d 70 (Pa. 2012)(table).

Unsuccessful in state court, Toby returned to federal court.   In his present habeas corpus petition, filed on November 26, 2013, Toby claims that the trial court erred by giving constitutionally invalid jury instructions regarding malice and that his trial counsel was ineffective by failing to object to those instructions.   Toby also claims that the trial court erred by failing to give the standard jury instruction on

accomplice liability and that his trial counsel was ineffective by failing to object to that omission.[1]

The respondent filed a motion to dismiss the habeas petition pursuant to 28 U.S.C. § 2244(b) contending that this Court lacked jurisdiction over the current habeas petition because it was a second or successive petition and Toby did not obtain leave of the United States Court of Appeals for the Third Circuit to file the petition.   After the Court denied that motion to dismiss, we ordered the respondent to respond to the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court.   The respondent filed a response arguing that the petition is barred by the statute of limitations and that Toby procedurally defaulted his claims in state court.   Toby then filed a reply.   Against this background, we now address Toby's petition for a writ of habeas corpus.

## III. <u>Discussion</u>.

The respondent contends that Toby's petition is barred by the statute of limitations and that Toby procedurally defaulted his claims in state court.   As

---

[1]  Toby's memorandum of law attached to his petition also contains a section entitled "Layered Ineffective Assistance of Trial, Appellate & PCRA Counsel; 28 U.S.C. § 2241(c)(3) vis-à-vis, 28 U.S.C. § 2254." *Doc. 1* at 29.   It appears that rather than attempting to set forth additional claims in this section, Toby is merely presenting reasons why his claims should not be deemed procedurally defaulted.

discussed below, we conclude that the petition is barred by the statute of limitations. Given that conclusion, we need not address whether Toby procedurally defaulted his claims in state court.

Before discussing of the statute of limitations, we address Toby's contention that we should grant his petition because the respondent did not respond to the petition on the merits.   Toby is correct that Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court and this Court's order directing the respondent to respond to the petition in accordance with Rule 5 contemplated an answer that addressed both the merits of the claims and any procedural bars to the claims.   In this case, the respondent's answer only addresses the statute of limitations and procedural default.   This, however, is not a basis to grant Toby habeas relief.   If we would have found that Toby's petition was not barred we could have, and would have, ordered that respondent to address the merits.   Thus, Toby is not entitled to a writ of habeas corpus on the basis that the respondent did not address the merits of his claims.

The respondent contends that Toby's habeas petition is barred by the statute of limitations.   Habeas corpus petitions are subject to the one-year statute of

limitation set forth in 28 U.S.C. § 2244(d):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Subsections (B), (C), and (D) of 28 U.S.C. § 2244(d)(1) do not apply to

Toby's claims because Toby does not contend that a state-created impediment

barred him from filing this habeas petition sooner, his claims are not based on a

constitutional rule newly recognized by the Supreme Court, and given that Toby's

claims concern the jury instructions given at trial and his counsel's failure to object

to those instructions, Toby, with reasonable diligence, could have discovered the

basis for his claims before his conviction became final.   Accordingly, the claims are

subject to 28 U.S.C. § 2244(d)(1)(A), and the one-year statute of limitations began to run on the date that Toby's judgment of conviction became final.

For a state prisoner who, like Toby, did not seek *certiorari* in the United States Supreme Court, the judgment becomes final on the date that the time for seeking *certiorari* expired. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013).   In this case, the Pennsylvania Supreme Court denied Toby's petition for allowance of appeal regarding his direct appeal on October 15, 2009. Toby had 90 days to file a petition for *certiorari* with the United States Supreme Court.   Sup.Ct. R. 13.1.   Thus, Toby's judgment of conviction became final on January 13, 2010 (90 days after the Pennsylvania Supreme Court's decision on direct appeal), and the statute of limitations began to run on that date.   As Toby did not file the habeas petition in this case until more than three years and ten months later—on November 26, 2013—absent tolling or an equitable exception to the statute of limitations, the petition is barred by the statute of limitations.   There are two types of tolling: statutory and equitable.   We will discuss each.   Also, actual innocence is an equitable exception to the statute of limitations, and we will discuss that exception.

8

## A.   Statutory Tolling.

28 U.S.C. § 2244(d)(2) provides for statutory tolling while properly filed

post-conviction or collateral review proceedings are pending:

> The time during which a properly filed application for
> State post-conviction or other collateral review with respect to
> the pertinent judgment or claim is pending shall not be counted
> toward any period of limitation under this subsection.

Here, the statute of limitations ran from January 13, 2010 until August 2, 2010, when

Toby filed his PCRA petition—a period of 200 days.   In accordance with

§ 2244(d)(2), the statute was tolled from August 2, 2010, until December 13, 2010,

when Toby withdrew his PCRA petition.   The statute began to run again on

December 14, 2010 and, absent further tolling, it expired 165 days later on May 28,

2011.

Although Toby filed his first 28 U.S.C. § 2254 habeas petition in this court in

January of 2011, the time that a federal habeas petition is pending is not excluded

from the limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker,*

533 U.S. 167, 181-182 (2001)(holding that a federal habeas corpus petition is not an

"application for State post-conviction or other collateral review" within the meaning

of 28 U.S.C. § 2244(d)(2) and thus § 2244(d)(2) does not toll the limitation period

during the pendency of a federal habeas petition).   Thus, statutory tolling does not apply to the time that Toby's first habeas petition was pending.

Toby's September 8, 2011 PCRA petition also does not toll the statute of limitations.   Under § 2244(d)(2) only a "properly filed" application for post-conviction or collateral relief tolls the statute of limitations, and only applications that are timely filed in accordance with state law are considered "properly filed." *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005).   "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).   And a federal habeas court must defer to a state court's determination that a PCRA petition was untimely and thus not "properly filed." *Merritt v. Blaine,* 326 F.3d 157, 165-66 (3d Cir. 2003).

Because the Pennsylvania Superior Court dismissed Toby's September 2011 PCRA petition as untimely, the time during which that petition was pending is not tolled by §2244(d)(2).   Moreover, Toby did not file the September 8, 2011 PCRA petition until after the statute of limitations had already expired.

As statutory tolling does not save Toby's petition from being barred by the statute of limitations, we turn to equitable tolling.

### B.   Equitable Tolling.

28 U.S.C. § 2244(d) functions as a statute of limitations and is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "The decision to equitably toll § 2244(d) '"must be made on a case-by-case basis."' *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012)(quoting *Holland*, 560 U.S. at 650). "There are 'no bright lines in determining whether equitable tolling is warranted in a given case.'" *Id.* Instead, equitable tolling is proper when the principles of equity make the rigid application of the limitations period unfair. *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). But "courts need to be 'sparing in their use of' the [equitable tolling] doctrine." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)(quoting *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999)). A petitioner is entitled to equitable tolling only if he shows that (1) he pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented him from timely filing. *Holland,* 560 U.S. at 649. "The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013).

In this case, Toby has not shown a basis for equitable tolling of the statute of limitations. In fact, in response to the respondent's contention that the petition is

barred by the statute of limitations, Toby does not even explicitly argue that he is entitled to equitable tolling.   Rather, Toby's only explicit argument in his reply is that he should be granted habeas relief because the respondent did not address his claims on the merits.   Toby does also, however, assert that he relies on his brief in opposition to the respondent's earlier motion to dismiss.   In that brief, in addition to arguing that his petition was not second or successive, Toby asserts that he is bringing a "layered" ineffective assistance of counsel claim that his trial, appellate, and PCRA counsel were ineffective.

"In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001).   But "[o]ne potentially extraordinary circumstance is where a prisoner is 'effectively abandoned' by his attorney." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013)(quoting *Holland,* 130 S.Ct. at 2564)(quoting *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001)).   Here Toby has not shown that he was abandoned by his attorney.   Nor has he shown any other extraordinary circumstance that would warrant equitable tolling.

In his brief in opposition to the earlier motion to dismiss, Toby cited *Martinez v. Ryan,* a case in which the Supreme Court held that, under certain circumstances, the procedural default of an ineffective-assistance-of-trial-counsel claim may be excused where the default was caused by the ineffective assistance of counsel in post-conviction collateral proceedings. 132 S.Ct. 1309, 1315–21 (2012). Specifically, the *Martinez* Court held that:

> [A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id. Martinez* did not deal with the statute of limitations; it addressed procedural default of state claims.   And *Martinez* does not provide a basis for equitable tolling of the statute of limitations. *See, e.g., Arthur v. Thomas,* 739 F.3d 611, 631 (11th Cir. 2014) (holding "that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period"); *Taulton v. Tritt*, No. CIV.A. 14-3401, 2015 WL 745769, at *8 (E.D. Pa. Feb. 23, 2015)("The *Martinez* decision does not implicate equitable tolling."); *Shirey v. Giroux*, No. 3:CV-11-1693, 2014 WL 5825309, at *8 (M.D. Pa. Nov. 10, 2014)("[I]t has been recognized that *Martinez* does not constitute an exception to the one year statute of limitations for filing a federal habeas corpus petition."); *Williams v. Walsh*, No.

3:CV-12-1364, 2013 WL 5874815, at *4 (M.D. Pa. Oct. 30, 2013)("*Martinez* did not provide that post-conviction counsel's ineffectiveness could establish an exception to, or equitable tolling of, AEDPA's one-year statute of limitations for filing a federal habeas corpus petition."); *Wise v. Rozum*, No. CIV.A. 3:12-1360, 2013 WL 5797659, at *5 (M.D. Pa. Oct. 28, 2013)(holding that *Martinez* does not excuse a habeas petitioner's failure to seek federal review in a timely fashion). Thus, *Martinez* does not provide a basis for equitable tolling.

Even if Toby could show extraordinary circumstances, he has not shown that he pursued his rights diligently.   "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013)   The diligence requirement "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* (quoting *LaCava v. Kyler,* 398 F.3d 271, 277 (3d Cir.2005)).   The inquiry is "contextual," *Munchinski v. Wilson*, 694 F.3d 308, 332 (3d Cir. 2012), and considers the particular circumstances of the case. *Ross,* 712 F.3d at 799.

Here, even assuming for the sake of argument that Toby's counsel's withdrawal of his earlier PCRA petition amounted to an extraordinary circumstance and that Toby would be entitled to tolling for the entire time after that PCRA petition

was withdrawn until his later, untimely PCRA petition was adjudicated, Toby was not diligent because he waited almost a year after the Pennsylvania Supreme Court denied his petition for allowance of appeal with respect to his untimely PCRA petition to file the petition for a writ of habeas corpus in this case.   Thus, Toby is not entitled to equitable tolling.

### C.   Actual Innocence.

Actual innocence is an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013).   Thus, "actual innocence, if proved, serves as a gateway through which a petitioner may pass" despite the expiration of the statute of limitations. *Id.* at 1928.   The standard for establishing actual innocence, however, is demanding. *Id.* at 1936.   It requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).   The standard is not met unless the petitioner "'persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin,* 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329).   "Because such

evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schulp*, 513 U.S. at 324.

Here, although Toby cites *McQuiggin,* he has not presented a colorable actual-innocence claim.   He has not presented any new evidence; thus, he cannot meet the stringent standard for showing actual innocence.

In sum, there is no basis to equitably toll the statute of limitations or for an equitable exception to the statute of limitations.   Because the petition in this case was filed almost two and a half years after the statute of limitations expired, it is barred by the statute of limitations.

## IV.   <u>Recommendation.</u>

Accordingly, for the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be denied.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.   Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing

requirements set forth in Local Rule 72.2 shall apply.   A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23rd day of April, 2015.

_**S/Susan E. Schwab**_
Susan E. Schwab
United States Magistrate Judge