## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS TOBY,

     Petitioner,

       v.

MARIROSA LAMAS, *et al.,*

     Respondents.

CIVIL ACTION NO. 3:13-CV-2882

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SCHWAB)

## MEMORANDUM

Presently before the Court is Magistrate Judge Susan Schwab's Report and Recommendation ("R & R") (Doc. 18) on Petitioner Dennis Toby's Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2254 (Doc. 1). Also before me is Petitioner's Objection to the R & R (Doc. 21). Magistrate Judge Schwab recommended that Mr. Toby's Petition be dismissed, as it is barred by the statute of limitations. Because the state has not waived the statute of limitations defense, and Toby is not entitled to equitable or statutory tolling, the R & R will be adopted and the Petition will be denied.

## I. Background

### 1. Underlying Conviction and Appeal

Petitioner Toby challenges his 2004 conviction and sentence from the York County, Pennsylvania, Court of Common Pleas. On July 16, 2004, Petitioner was convicted of third degree homicide, robbery, burglary, and receiving stolen property. (Doc. 1, 1.) On August 25, 2004, he was sentenced to 27 ½ to 55 years in prison on the basis of that conviction. (*Id.*) Petitioner appealed his case through the state court system. (Doc. 18, 2-3.) For purposes of the instant review, it is sufficient to note that the Pennsylvania Superior Court affirmed the conviction, and on October 15, 2009, the Pennsylvania Supreme Court denied Toby's petition for allowance of appeal. *Commonwealth v. Toby,* 982 A.2d 65 (Pa. 2009).

On August 2, 2010, Toby filed a petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9542, which he withdrew on December 14, 2010. (Doc. 18, 9.)

In January 2011, Petition filed a petition for a writ of habeas corpus in the Middle District of Pennsylvania. *Toby v. Mazerkiwicz,* No. 3:11-CV-75, 2011 WL 2632687 (M.D. Pa. July 5, 2011).  On July 5, 2011, I dismissed that petition, finding that it did not present any claims of violations of federal law.  *Id.*

On September 8, 2011, Petitioner filed another PCRA petition in state court, which was dismissed, and the Pennsylvania Superior Court affirmed this dismissal in June 2012, finding that the petition was not timely filed.  *Commonwealth v. Toby*, No. 1851 MDA 2011, slip op. at 5 (Pa. Super. Ct. June 29, 2012).

## 2. The Instant Habeas Corpus Petition

On November 26, 2013, Toby filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  Petitioner asserts that he is in custody in violation of laws  of the United States.  (*Id.,* 15.)  Petitioner requests that I vacate his sentence and remand it back to state court for a new trial and appoint proper counsel.  (*Id.,* 14.)

On December 11, 2013, Magistrate Judge Schwab issued an Order to Show Cause requiring Respondents to show cause why Toby should not be granted a writ of habeas corpus (Doc. 3).  On March 7, 2014, Respondents filed a Motion to Dismiss, asserting that Toby's habeas corpus petition was barred because it was a second petition (Doc. 10).  On October 30, 2014, Magistrate Judge Schwab issued an R & R denying this Motion to Dismiss (Doc. 13), which I adopted (Doc. 14).

On December 11, 2014, Magistrate Judge Schwab issued a second Order to Show Cause (Doc. 15).  On December 31, Respondents filed a Response (Doc. 16), asserting that the petition was time-barred.  On January 15, Petitioner filed a Traverse (Doc. 17).

On April 23, 2015, Magistrate Judge Schwab issued the instant R & R (Doc. 18).  She determined that Toby's petition for a writ of habeas corpus is barred by the statute of limitations, and so his petition should be denied.  (*Id*., 1.)  The Magistrate Judge determined that "because the petition was filed almost two and a half years after the statute of limitations expired, it is barred by the statute of limitations." (*Id.*, 16)  Furthermore, she found no basis

to toll the statute of limitations or for an equitable exception to the statute of limitations. (*Id*.)

On May 29, 2015, Toby filed an Objection to the R & R (Doc. 21).  Thus, the Report and Recommendation is ripe for disposition.

## II. Legal Standard

Where objections to a magistrate judge's R & R are filed, the Court must conduct a *de novo* review of the contested portions.  *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)).  This only applies to the extent that a party's objections are both timely and specific.  *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).

In conducting a *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## III. Discussion

Magistrate Judge Schwab recommends that Petitioner Toby's petition for a writ of habeas corpus be denied, because it is barred by the statute of limitations.

Magistrate Judge Schwab found that Toby's petition was barred because he filed it three years and ten months after his state court decision became final.  Pursuant to 28 U.S.C. § 2244(d)(1)(A), a petitioner has one (1) year to file any habeas corpus petition after that date.  Magistrate Judge Schwab also found that potential exceptions to this deadline–statutory tolling, equitable tolling, and a claim of actual innocence–do not apply. (Doc. 18, 8.)

In his objections (Doc. 21), Petitioner argues that respondents did not make any argument regarding the statute of limitations in their first "answer" to the habeas corpus petition, thus, they waived the right to make such an argument when filing their "second" answer.  Additionally, Petitioner asserts that he is entitled to equitable tolling because he has been pursuing his rights diligently, and extraordinary circumstances stood in his way.

## A. Waiver of Statute of Limitations Defense

Petitioner asserts that Magistrate Judge Schwab improperly considered Respondents' defense that Petitioner is barred by the statute of limitations.   Petitioner asserts that Respondents waived their right to assert a statute of limitations defense to his claim by not including it in their initial "answer".  (Doc. 21, 1.)  "Ordinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto." *Day v. McDonough*, 547 U.S. 198, 202 (2006)(citing Fed. Rules Civ. Proc. 8(c), 12(b), and 15(a)).

However, the pleading (Doc. 10) that Petitioner Toby refers to as an "answer" to his petition is not an answer, but a motion to dismiss.  A motion to dismiss is materially distinct from an answer, and is not a responsive pleading.  *Haagensen v. Supreme Court of Penn*., 390 F. App'x 94, 97 (3d Cir. 2010); see also *Randle v. Crawford*, 604 F.3d 1047, 1053 (9th Cir. 2010) (citing Fed. R. Civ. P. 7(a)) (concluding that where a respondent to a habeas corpus petition failed to raise a statute of limitations defense in their motion to dismiss, they did not waive their right to assert such a defense because a motion to dismiss is not a responsive pleading for the purposes of the Federal Rules of Civil Procedure).

Respondents did not raise the statute of limitations affirmative defense in their motion to dismiss (Doc. 10).   However, a motion to dismiss is not a responsive pleading.  Respondents did raise the issue of statute of limitations in their answer to the petition for habeas corpus (Doc. 16).  Thus, they did not waive that defense, and are permitted to assert it now.

**B. Tolling of Statute of Limitations**

Petitioner also objects to Magistrate Judge Schwab's finding that his petition is barred by the statute of limitations.  Petitioner's objections argue that the statute of limitations should have been tolled, and thus, his petition was timely.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and 28 U.S.C. § 2244(d), a state prisoner has one  year to seek federal habeas corpus relief from a state court judgment.  *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).  Magistrate Judge Schwab found that § 2244 (d)(1)(A) applied to Petitioner: the statute of limitations began to run on the date that Toby's conviction became final.  (Doc. 18, 8.)  Thus, his judgment became final on January 13, 2010, the date that the time for seeking *certiorari* for review of the Pennsylvania Supreme Court's decision by the United States Supreme Court expired. (Doc. 18, 8.)  Because Petitioner Toby filed his petition for habeas corpus on November 26, 2013, the statute of limitations had expired.

**1. Statutory Tolling**

28 U.S.C. § 2244(d)(2) provides for the statutory tolling of the habeas corpus limitations period while properly filed post-conviction or collateral review proceedings are pending: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner objects to Magistrate Judge Schwab's calculation of this period. Magistrate Judge Schwab determined that the statute of limitations ran from January 13, 2010, until August 2, 2010, when Toby filed a petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9542.  (Doc. 18, 9.)  The statute of limitations period began to run again when he withdrew his petition on December 14, 2010, and the period expired on May 28, 2011.  (*Id.*)  Magistrate Judge Schwab found that the statute of limitations was not tolled during the pendency of petitioner's first habeas corpus petition.  (*Id.*)

Petitioner objects to Magistrate Judge Schwab's calculation of the statute of

limitations, arguing that the statute of limitations should have been tolled starting on January 11, 2011, when he filed his "timely first federal writ of habeas corpus."  (Doc. 21, 3.) However, this is legally incorrect, as the United States Supreme Court has explicitly stated the opposite: "We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition." *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  Thus, I adopt Magistrate Judge Schwab's analysis and her calculation of the statute of limitations period.  Petitioner's further arguments with respect to the timeliness of his second PCRA are irrelevant, as it was filed in September 2011, well after the statute of limitations expired in May 2011.

## 2. Equitable Tolling

The one-year statute of limitations on habeas corpus petitions is also subject to equitable tolling. *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002).  In her R & R, Magistrate Judge Schwab found no grounds to equitably toll the statute of limitations in this action.  (Doc. 18, 11.)

"There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account. . . . However, courts need to be 'sparing in their use of' the doctrine.'" *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). (citing *Holland v. Florida*, 560 U.S. 631 (2010); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In his objection to the R & R. Petitioner Toby argues that he has been diligently pursuing his rights, and extraordinary circumstances stood in his way, and thus he is entitled to equitable tolling.

"The extraordinary circumstances prong requires that the petitioner 'in some extraordinary way be[ ] prevented from asserting his or her rights.'" *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012) (quoting *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir. 2003)).   Petitioner argues that he faced extraordinary circumstances in that the court "mislead" him.  "One ... potentially extraordinary situation is where a court has misled a party regarding the steps that the party  needs to take to preserve a claim." *Munchinski*, 694 F.3d 329-30 (citing *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005)).  Petitioner's Objection to the R & R (Doc. 21), and the record, do not demonstrate that he was mislead by the courts.  He cites an instance in which the Pennsylvania Superior Court affirmed a lower court's dismissal of his PCRA claim, but on a different basis: the Superior Court found the petition was untimely.  (Doc. 21, 8.)  This is not an example of a court misleading a claimant. Furthermore, Petitioner argues that the Superior Court's decision that the PCRA claim was untimely was incorrect, and thus misleading.  However, there is no indication that this is the case. Petitioner has failed to demonstrate that extraordinary circumstances stood in the way of his timely filing.  Therefore, I adopt Magistrate Judge Schwab's finding that he is not entitled to equitable tolling.

## IV. Conclusion

For the above reasons, Magistrate Judge Schwab's Report and Recommendation (Doc. 18) is *adopted*.  Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) is *denied.* An appropriate order follows.

August 14, 2015                              /s/ A. Richard Caputo
Date                                                     A. Richard Caputo
                                                         United States District Judge